UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES MCDUFFY, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:25-CV-246-TLS-AZ |
| BRIAN ENGLISH, et al., | |
| Defendants. | |

**OPINION AND ORDER**

James McDuffy, a prisoner without a lawyer, filed a complaint against nine defendants due to the condition of his cell at the Miami Correctional Facility. ECF No. 3. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

McDuffy alleges that, on June 20, 2024, he was moved to a cell house that had just flooded. There was a strong odor of urine and feces immediately upon entry into the cell house. The escorting officer began using a squeegee and directing others to help. He removed most of the sewage from McDuffy's cell, but there were still puddles of wastewater in the corners and under the bed. A small amount of germ away was sprinkled on the floor, but McDuffy was assured that staff would be around to clean adequately and allow showers. Due to the smell,

McDuffy experienced nausea, dizziness, and headaches. Much of McDuffy's property was saturated with sewage.

McDuffy talked with a counselor and showed the counselor the policy for cleaning up biohazard waste. The counselor emailed Kelce Williams and asked why the policy had not been followed.

Sgt. Baum brought McDuffy lunch in his cell even though it was still contaminated. She told McDuffy she would let him clean and shower later, but Sgt. Baum did not allow this because Capt. Luckey told her not to let anyone out. Without other options, McDuffy tried to clean his cell with his towel and shampoo. He did not receive a shower that night and he threw up several times due to the strong odor.

The next morning, the drains began to overflow again. McDuffy was not permitted to clean his cell this day either. The dorm was on lockdown, and he also was not permitted to shower.

McDuffy phoned his sister, and she called the facility several times from another phone while McDuffy remained on the line. First, she spoke with an unidentified female that hung upon her. Next, she spoke with Lt. Shaffer—he was disrespectful and said they would allow him to clean up when they got around to it. He also hung up on her. She called again and talked with Capt. Morson. He was disrespectful and threatened to take McDuffy's phone access away before hanging up on her.

McDuffy contends that the procedures for biohazard cleanup should have been followed, and he protested these conditions by refusing to eat. After talking with Capt. Morson, McDuffy's cell was properly cleaned on Monday, June 25, 2024.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation, *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (cleaned up); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (finding thaht, where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

McDuffy is suing Sgt. Baum and Capt. Luckey for not allowing him to clean his cell or shower following the sewage backup. Giving McDuffy the benefit of the inferences to which he is entitled at this stage of the case, he will be granted leave to proceed against Sgt. Baum and Capt. Luckey.

He is also suing Lt. Shaffer and Capt. Morson for their handling of his sister's inquires about his cell conditions. "A plaintiff bringing a civil rights action must prove that the defendant

3

personally participated in or caused the unconstitutional actions." *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008) (citation omitted). There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. However, supervisors can also be held liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). McDuffy alleges that Lt. Shaffer and Capt. Morson knew about the conditions in his cell and did nothing to help him. While additional fact finding may demonstrate otherwise, giving McDuffy the benefit of all favorable inferences, he has stated a claim against Lt. Shaffer and Capt. Morson.

Additionally, McDuffy is suing Kelce Williams because, after his cell had been cleaned, she sent an email that stated that sewage waste was not biohazard. McDuffy believes the policy for biohazardous waste should have been followed, but he has no right to have the I.D.O.C.'s policies followed. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."). Therefore, he cannot proceed against Kelce Williams.

McDuffy filed an emergency grievance on June 21, 2024. McDuffy does not provide any details, but he alleges that Michael Gapski was negligent and indifferent when he refused to follow the grievance procedures. McDuffy, however, cannot proceed against Gapski for how he handled grievances. McDuffy has no constitutional right to access the grievance process. *See Grieveson*, 538 F.3d at 770 (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure).

4

McDuffy has also named Warden Brian English, Ofc. B. Smith, and Ofc. King as defendants. He has not, however, alleged that they were personally involved in the incident described in his complaint. He also has not alleged that they had any knowledge of the incident, much less that they facilitated it, approved it, condoned it, or turned a blind eye to his situation. *Matthews*, 675 F.3d at 708. Therefore, he will not be permitted to proceed against these defendants.

The defendants filed a motion asking that this case be screened and that their obligation to answer be stayed pending screening. Defendants have no obligation to respond to the complaint until this court has screened the case. Therefore, the request for a stay was unnecessary. Furthermore, because the screening is now complete, the motion will be denied as moot. ECF No. 6.

For these reasons, the Court:

(1) DENIES the motion to screen the complaint and stay the deadline to respond [ECF No. 6];

(2) GRANTS James McDuffy leave to proceed against Sgt. Baum, Capt. Luckey, Capt. Morson, and Lt. Shaffer in their individual capacities for compensatory and punitive damages for deliberate indifference to McDuffy's conditions of confinement between June 20, 2024, and June 25, 2024, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Kelce Williams, Michael Gapski, Brian English, Ofc. B. Smith, and Ofc. King; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. Baum, Capt. Luckey, Capt. Morson, and Lt. Shaffer to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind.

L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 16, 2025.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

6