UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES MCDUFFY, <br><br> Plaintiff, <br><br> v. <br><br> MORSON, SHAFFER, LUCKEY, BAUM, CALVERT, KELSEY WILLIAMS, SPALDING, KING, MICHAEL GAPSKI, <br><br> Defendants. | CAUSE NO.: 3:25-CV-246-TLS-AZ |

**OPINION AND ORDER**

James McDuffy, a prisoner without a lawyer, filed an amended complaint against nine defendants due to the condition of his cell at the Miami Correctional Facility and alleged retaliation occurring after he filed grievances related to those conditions. ECF 18. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

McDuffy alleges that, on June 20, 2024, he was assigned a cell in a housing unit that was flooded with sewage. He alleges that the floor was covered in sewage, and his bedding and clothing were saturated with sewage. He experienced nausea, dizziness, headaches, vomiting, and sleep deprivation due to the sewage exposure.

Lt. Calvert witnessed the flooding and ordered Sgt. Baum to clean the unit and allow inmates to shower. Lt. Calvert did not follow up to ensure Sgt. Baum's compliance, and Sgt. Buam went home without providing showers. While the timing is unclear from the amended complaint, McDuffy asserts that Capt. Luckey ordered that no inmates should be allowed to shower or have cleaning supplies. He also asserts that Officer King and Officer Spalding were told to begin showers and provide cleaning supplies, but they failed to both distribute cleaning supplies and offer McDuffy a shower.

McDuffy's sister called the prison repeatedly about the sewage backup. McDuffy alleges that Lt. Shaffer and Capt. Morson responded to those calls with hostility and did nothing to remedy the situation.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation, *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff

> was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (cleaned up); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (finding that, where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

McDuffy is suing Sgt. Baum, Capt. Luckey, Capt. Morson, Lt. Shaffer, Officer King, Officer Spalding, and Lt. Calvert for not allowing McDuffy to have access to a shower or cleaning supplies needed to clean his cell following the sewage backup. McDuffy's amended complaint contains far fewer facts that his earlier complaint. ECF 3. Nonetheless, giving McDuffy the benefit of all favorable inferences, he will be granted leave to proceed against Sgt. Baum, Capt. Luckey, Capt. Morson, Lt. Shaffer, Officer King, and Officer Spalding. McDuffy's only allegation against Lt. Calvert is that he failed to follow up to ensure that Sgt. Baum followed his orders. This suggests that Lt. Calvert may have been negligent, but it does not suggest deliberate indifference. Therefore, McDuffy will not be granted leave to proceed against Lt. Calvert.

McDuffy has also named Kelce Williams as a defendant. On June 26, 2024, Williams sent an email claiming that sewage was not a biohazardous waste. McDuffy asserts that this is contrary to an Indiana Department of Correction ("IDOC") policy, and Williams' claim prompted McDuffy to file a grievance. Shortly after the grievance was filed, Williams allegedly confiscated a book of McDuffy's. She claimed it contained nudity, but McDuffy disputes this. When McDuffy wrote her regarding the IDOC's policy, she allegedly retaliated by bringing a false conduct charge against McDuffy for possessing an electronic device. That false charge, which was later dismissed, caused McDuffy to spend 100 days in restrictive housing.

To assert a First Amendment retaliation claim, an inmate must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (cleaned up); *see also Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). Giving McDuffy the benefit of all favorable inferences, the Court finds that he has stated a retaliation claim against Williams.

McDuffy also asserts due process and equal protection claims against Williams based on the taking of his book. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV, § 1. Here, the prison regulation at issue prevents inmates from possessing reading materials that contain nudity. McDuffy does not question the validity of the regulation; rather, he asserts that his book should not have been confiscated because it did not contain nudity. McDuffy's amended complaint provides very little detail regarding the book, the confiscation process, or the remedies available to an inmate who asserts that property has been wrongly confiscated. Therefore, he has not alleged a due process violation. He references the Equal Protection Clause, but he has not identified himself as belonging to any class of inmates (whether subject to heightened scrutiny or rational basis review) that is treated differently; he merely alleges that he was treated differently from other inmates whose publications were not censored. Furthermore, allowing McDuffy to proceed against Williams on different constitutional theories based on the same facts would be redundant. *See Hambright v. Kemper*, 705 F. App'x 461, 462 (7th Cir. 2017) (affirming dismissal of Eighth Amendment claim because the same facts comprised a more applicable First Amendment claim); *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005)

4

(dismissing additional claims based on same circumstances because the claim "gains nothing by attracting additional constitutional labels" (citation omitted)); *Graham v. Connor*, 490 U.S. 386, 395 (1989) (analyzing allegations under the most "explicit textual source of constitutional protection").

Lastly, McDuffy named Michael Gapski as a defendant. He is suing Gapski the way he handled grievances. This Court previously explained to McDuffy (ECF 7 at 4) that he cannot proceed against Gapski for how he handled grievances. McDuffy has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure).

McDuffy now contends that Gapski's handling of grievances obstructed his access to the courts and amounted to retaliation in violation of the First Amendment. When the grievance process is made unavailable to an inmate, failure to exhaust administrative remedies will not impede the inmate from pursing his claims in court. *See Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008), *as amended on denial of reh'g and reh'g en banc* (Sept. 12, 2008), and *abrogated by Perttu v. Richards*, 605 U.S. 460 (2025). Therefore, he cannot proceed on an access to courts claim. Similarly, failing to respond to a grievance will not support a retaliation claim when this is not a sufficiently adverse event because it would not deter a person of ordinary firmness from exercising their First Amendment rights in the future. *See Douglas*, 964 F.3d at 646; *see also Hill v. Caraway*, No. 3:15-CV-1286, 2017 WL 552974, at *1 (S.D. Ill. Feb. 10, 2017).

For these reasons, the Court:

(1) GRANTS James McDuffy leave to proceed against Sgt. Baum, Capt. Luckey, Capt. Morson, Lt. Shaffer, Officer King, and Officer Spalding in their individual capacities for

compensatory and punitive damages for deliberate indifference to McDuffy's conditions of confinement between June 20, 2024, and June 25, 2024, in violation of the Eighth Amendment;

(2) GRANTS James McDuffy leave to proceed against Kelsey Williams in her individual capacity for compensatory and punitive damages for retaliating against McDuffy for engaging in protected speech by confiscating a book that did not violate IDOC policy and bringing a false disciplinary charge against McDuffy, in violation of the First Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Lt. Calvert and Michael Gapski;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d),[1] to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Spalding at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 18); and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. Baum, Capt. Luckey, Capt. Morson, Lt. Shaffer, Officer King, Officer Spalding, and Kelsey Williams to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 27, 2025.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[1] *See* ECF 1-3 at 22.